UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

HENRY J. CLARK

CIVIL ACTION

VERSUS

NO. 11-0065-JJB-SCR

SAXON MORTGAGE CO., ET AL

**RULING ON DEFENDANTS' MOTIONS FOR PARTIAL DISMISSAL**

This matter is before the Court on Defendant Experian Information Solutions, Inc.'s ("Experian") and Defendant Trans Union LLC's ("Trans Union") Motions (docs. 35 & 37, respectively) for Partial Dismissal. Plaintiff Henry J. Clark ("Clark") has filed an opposition (doc. 40), to which Trans Union has filed a reply (doc. 42). The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. There is no need for oral argument. For the reasons stated herein, the Court GRANTS Defendants' Motions (docs. 35 & 37) for Partial Dismissal.

**Background**

This case arises out of a mortgage company's allegedly false reports to credit bureaus that one of its mortgagees had failed to make timely payments. On July 7, 2006, Clark executed a note in the amount of $121,000 and took out a mortgage on his home to secure the note. Soon thereafter, Saxon Mortgage Company ("Saxon") purchased the note and was assigned the rights under the mortgage. In February and March 2008, Clark allegedly made timely payments to Saxon, which Saxon allegedly misapplied to another mortgage note. Saxon then reported to Defendants Experian, Trans Union and Equifax Credit

1

Information Services, Inc. ("Equifax") that Clark was thirty to sixty days behind on his mortgage payments. After discovering the alleged mistake, Clark notified Saxon, who denied that a mistake was made, and the remaining Defendants, each of whom refused to remove the entries.

On February 19, 2010, Plaintiff filed suit against Defendants, and on February 7, 2011, the case was removed to this Court (doc. 1). Plaintiff asserts that Defendants defamed him, violated Louisiana consumer protection and privacy laws and violated the Fair Credit Reporting Act ("FCRA"). Plaintiff requests that the Court declare that Defendants violated the FCRA and issue an injunction forcing Defendants to remove the allegedly false entries.

On April 18, 2011, Experian and Trans Union filed their Motions (docs. 35 & 37, respectively) for Partial Dismissal. Experian and Trans Union assert that Plaintiff, as a private litigant, may not obtain equitable relief under the FCRA. On April 19, 2011, Plaintiff filed its opposition (doc. 40) asserting that Congress did not foreclose a private litigant from seeking equitable relief under the FCRA and that he can obtain injunctive relief through his state law claims (doc. 40). On May 4, 2011, Trans Union filed its reply (doc. 42). Trans Union asserts that Plaintiff has not adequately alleged that Defendants engaged in malice or willful intent to injure him, which the FCRA requires for a private litigant to seek declaratory or injunctive relief.

## **Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(6), a federal district court should dismiss a plaintiff's complaint if it "fails to state a claim upon which relief can be granted." In evaluating a 12(b)(6) motion, the court must take plaintiff's allegations as true, except those that are conclusory or are merely recitations of the elements of an offense, and must construe the complaint in the plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2009). To "state a claim upon which relief can be granted," the complaint must contain sufficient factual allegations that, if taken as true, "state a claim to relief that is plausible on its face." *Id.* That is, the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.*

## **Discussion**

Defendants assert that Plaintiff's claim for equitable relief under the FCRA must be dismissed (docs. 35 & 37). Defendants assert that the FCRA only confers the right to sue for injunctive relief on the Federal Trade Commission ("FTC") and not private litigants. Plaintiff asserts that Plaintiff asserts that Congress did not foreclose a private litigant from seeking equitable relief under the FCRA and that he can obtain injunctive relief through his state law claims (doc. 40). In response, Trans Union concedes that a private litigant may sue for declaratory or injunctive relief, but only if the Plaintiff can establish malice on the part of defendant (doc. 42).

The FCRA regulates the collection, use and dissemination of consumer information and is enforced by the FTC and private litigants. 15 U.S.C. § 1681,

3

et seq. Sections 1681n and 1681o set out the potential civil liability for failing to comply with the FCRA, however, neither section mentions equitable relief. On the other hand, Section 1681s(a) grants the power to enforce the FCRA through equitable relief, but does so only to the FTC. Based on this language, the United States Court of Appeals for the Fifth Circuit and the vast majority of federal courts have determined that private litigants may not file for injunctive relief under the FCRA. *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000).

In addition, the FCRA preempts inconsistent state laws. 15 U.S.C. § 1681t(a); *Poulson v. Trans Union, LLC*, 370 F. Supp. 2d 592, 593 (E.D. Tex. 2005). Under Section 1681h(e), "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence unless the plaintiff consumer proves 'malice or willful intent to injure' him."

The Court finds that Plaintiff has not stated a claim upon which relief can be granted. Plaintiff has no claim for equitable relief under the FCRA. *Washington*, 199 F.3d at 268. Nor does plaintiff have a claim for equitable relief under Louisiana law. Plaintiff's claims under Louisiana consumer protection laws are directly preempted by the FCRA, which regulates similar conduct. *Poulson*, 370 F. Supp. 2d at 593. In addition, Plaintiff's defamation and privacy claims warrant equitable relief only if Plaintiff can show that Defendants acted with "malice or willful intent to injure" him. 15 U.S.C. § 1681h(e). However, Plaintiff has not alleged any specific facts in support of his conclusion, but has merely

4

made conclusory statements that Defendants acted with "willful intent to injure with malice [his] reputation" (doc. 31, p. 6, ¶ II). Such statements are insufficient to survive a 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 555. As such, Plaintiff has no right to equitable relief either under the FCRA or under Louisiana law.

## Conclusion

Accordingly, the Court hereby GRANTS Defendants' Motions (docs. 35 & 37) for Partial Dismissal of Plaintiff's request for declaratory and/or injunctive relief.

Signed in Baton Rouge, Louisiana this 7th day of July, 2011.

_____
JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA