# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HENRY J. CLARK,<br>    Plaintiff,<br><br>v.<br><br>SAXON MORTGAGE COMPANY,<br>EXPERIAN INFORMATION SOLUTIONS,<br>INC., TRANS UNION LLC, AND<br>EQUIFAX INFORMATION SERVICES,<br>LLC,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION<br>§   NO. 11-65-JJB-SCR<br>§<br>§<br>§<br>§<br>§<br>§ |

## PROTECTIVE ORDER

This Protective Order is issued pursuant to the Ruling on Motion to Quash Subpoena issued October 18, 2011.

Henry J. Clark has filed this lawsuit (the "Litigation") against Defendants Saxon Mortgage Company, Experian Information Solutions, Inc., Trans Union LLC, and Equifax Information Services, LLC ("Defendants"), alleging that Defendants are liable to Plaintiff for damages resulting from alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* and certain Louisiana statutes. In connection with the Litigation, Defendant Trans Union has sought discovery or testimony regarding the personal identifying information of Plaintiff (herein after collectively referred to as the "Confidential Information").

Therefore, as a means of avoiding continued dispute with respect to any Parties' requests for the Confidential Information;

IT IS ORDERED that the Parties shall produce certain Confidential Information pursuant to the terms of this Protective Order, as folows.

All Confidential Information shall only be utilized by the Parties in connection with the Litigation and in accordance with the terms and conditions of this Order.

The Parties shall have the right to designate as Confidential Information any part or the whole of any answers to discovery, answers to interrogatories, answers to requests for admission, deposition transcripts, responses to production requests, responses to third party subpoenas, documents, expert reports, disclosures, exhibits, trial or deposition testimony or other information that the Parties deem to be confidential. Any document, discovery, testimony, or other information that the Parties have designated as Confidential Information shall constitute Confidential Information, both in form and substance.

The Confidential Information provided by any of the Parties shall be used strictly in accordance with the terms in this Protective Order. At no time shall the Confidential Information be disclosed to or used by any person, corporation, or entity in competition with or against any of the Parties.

The Parties may designate any document, discovery, or other information as Confidential Information by an appropriate marking that prominently displays the words "Confidential" or "Confidential Information." Deposition or trial testimony can be designated by the Parties as Confidential Information. Such designation will be made on the record if possible, but the Parties can designate portions of such testimony as Confidential Information by providing written notice of such designation to the opposing Parties within thirty (30) days of receipt of the transcribed testimony by counsel. Until thirty (30) days after receipt of the transcribed testimony, such testimony shall be treated by the Parties as Confidential Information.

The Parties, their attorneys, or any one else acting on their behalf shall take such precautions with the Confidential Information as are necessary to strictly maintain its confidentiality and comply with the terms of this Protective Order.

Unless otherwise ordered by the Court, or agreed to in writing by the Parties, information designated by any of the Parties as Confidential Information shall not be revealed to any person or entity except: (a) Plaintiff and Defendants; (b) Plaintiff's and Defendants' attorneys; (c) experts or consultants retained by Plaintiff, Plaintiff's attorneys, Defendants, and Defendants' attorneys in preparation for and/or the trial of this action.  Before any Confidential Information is disclosed to an expert or consultant, the expert or consultant must first be provided with a copy of this Protective Order and sign a statement in the form attached hereto as **Exhibit A** agreeing to be bound by the terms of this Protective Order.

In the event the Parties intend to file Confidential Information with the Court, they shall **attach it as an exhibit to a related pleading, motion, memorandum or other paper and** file it under seal pursuant to the requirements of Court for filing documents under seal.

In the event a Party disagrees with the designation of Confidential Information, the Parties shall first try to resolve the disagreement in good faith on an informal basis, such as the production of redacted copies. In the event such a dispute cannot be resolved by agreement, a Party may move the Court for modification of this Protective Order. The Confidential Information designation shall be maintained pending disposition of such a motion.

This Protective Order shall govern pretrial proceedings only, and nothing set forth herein prohibits the use at trial of any Confidential Information or affects the admissibility of any evidence.  The procedures to govern the use and disclosure of Confidential Information and the

redaction of any "Confidential" or "Confidential Information" designation may be the subject of further agreement of the Parties or order of the Court.

Nothing herein shall be construed as limiting a Party's use of its own Confidential Information and such use shall not constitute a waiver of the terms of this Order or the status of such information as Confidential Information. Any of the Parties can remove their designation of Confidential Information from any information it has previously so designated.

The Parties cannot use or disclose any Confidential Information in any pretrial court proceeding that is open to persons not authorized to have access to such Confidential Information under the terms of this Protective Order. This provision does not limit the right of any of the Parties to submit any Confidential Information to the Court under seal as described above.

Within sixty (60) days after the final resolution of the Litigation, including any appellate proceeding, the Parties agree to return to opposing counsel the original and any copies of any Confidential Information produced. **Any Confidential Information filed in the record as an exhibit under seal will be disposed of after the conclusion of the case as provided by Local Rule 79.3**

Baton Rouge, Louisiana, October 19, 2011.

　　　　　　　　　　　　　　　　　　　／s／ Stephen C. Riedlinger
　　　　　　　　　　　　　　　　　　　STEPHEN C. RIEDLINGER
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

The undersigned has read and understands the terms of the Protective Order effective in this case, *Henry J. Clark v. Saxon Mortgage Company, et al,* Civil Action No. 3:11-cv-00065-JJB-SCR, which is currently pending in the United States District Court for the Middle District of Louisiana, Baton Rouge Division. The undersigned agrees (i) to abide by the terms of the Protective Order; (ii) not to use or divulge, under penalty of law, any documents, materials or other information covered by the Protective Order, including Confidential Information, except as permitted by the terms of the Protective Order; and (iii) to submit to the jurisdiction of the United States District Court for the Middle District of Louisiana, Baton Rouge Division for resolution of any issues arising under the Protective Order.

Dated: _____        Signed: _____

                                                                     Printed: _____